Harold V. Dye, Dye & Moe, Brian J. Smith, Kathryn Mahe, Garlington Lohn & Robinson, PLLP, Missoula, MT, for Appellee.

Before: LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Gregory P. Nesselrode appeals pro se from the the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order dismissing his adversary proceeding as barred by the doctrine of res judicata. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the BAP's and the bankruptcy court's decisions, *Arrow Elecs., Inc. v. Justus (In re Kaypro)*, 218 F.3d 1070, 1073 (9th Cir. 2000), and we affirm.

The bankruptcy court properly concluded that res judicata barred Nesselrode from relitigating claims in connection with Provident Financial's foreclosure of his property because he had asserted claims arising from the same transactional nucleus of facts in prior federal and state court actions. *See Costantini v. Trans World*

*Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982) (res judicata bars all claims based on the same "transactional nucleus of facts" which "could have been asserted, whether they were or not, in a prior suit between the same parties") (citations and internal quotation marks omitted); *Stanley L. and Carolyn M. Watkins Trust v. Lacosta*, 321 Mont. 432, 92 P.3d 620, 626 (2004) (barring all claims where "the issues are the same and relate to the same subject matter").

Nesselrode's remaining contentions are unpersuasive.

**AFFIRMED.**

### UNITED STATES of America, Plaintiff–Appellee,

v.

### Gilberto ENRIQUEZ–VALENZUELA, Defendant–Appellant.

No. 11–10144.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 17, 2012.*

Filed Jan. 23, 2012.

Christina Marie Cabanillas, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

---

Gilberto Enriquez–Valenzuela, Phoenix, AZ, pro se.

Before: LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Gilberto Enriquez–Valenzuela appeals from his guilty-plea conviction and 30–month sentence for importation of marijuana, in violation of 21 U.S.C. § 952, and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii). Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Enriquez–Valenzuela's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Enriquez–Valenzuela with the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80–81, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief on direct appeal.

Counsel's motion to withdraw is **GRANTED**, and the district court's judgment is **AFFIRMED**.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

